IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY CAMLIN, | : |
| Plaintiff, | : Docket No. _____ |
| vs. | : **JURY TRIAL DEMANDED** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a Cigna Group Insurance, | : |
| Defendant. | : ELECTRONICALLY FILED |

## COMPLAINT

AND NOW comes the plaintiff, Wendy Camlin, by and through her attorneys Mark Gordon, Esquire and the law firm of Pietragallo Gordon Alfano Bosick and Raspanti, LLP and files this Complaint and alleges as follows:

### PARTIES

1. Plaintiff, Wendy Camlin, is an individual with an address of 401 Amberson Avenue, Apartment 303, Pittsburgh, Pennsylvania 15232.

2. Defendant Life Insurance Company of North America is a long term disability insurer, licensed to do business in the Commonwealth of Pennsylvania, with an address of 1601 Chestnut Street, Philadelphia, PA 19192.

## JURISDICTION AND VENUE

3. This action is brought under, and jurisdiction is vested in this Court through, the Employee Retirement Income Security Act of 1974, Public Law 93-406 as amended 29 U.S.C. §§ 1001-1461 ("ERISA"), and specifically 29 U.S.C. § 1132(e), which provides that the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by a participant, beneficiary, fiduciary, or any person referred to in ERISA.

4. This Court has supplemental jurisdiction over the remaining common law and state claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 29 U.S.C. § 1132(e) because Defendant, Life Insurance Company of North America, regularly conducts business in this District, the plan is administered in this District, the breach took place in this District, and the Defendant may be found in this District, specifically at its address of 1600 West Carson Street, Suite 300, Pittsburgh, PA 15219-1031.

## HISTORY OF THE CASE

6. This action stems from a policy of long term disability insurance ("Plan") administered by Defendant under which Plaintiff was an insured.

7. At the time this Complaint has been prepared, there is an issue as to the actual policy number of the Plan that was issued for the benefit of the Plaintiff. In the course of its dealings with Wendy Camlin, the Life Insurance Company of North American d/b/a CIGNA Group Insurance has utilized two different policy numbers.

8. The Plan, policy number LK0980068 (attached hereto as Exhibit A) and/or policy number LK0980069, was held at all relevant times by Healthcare Organizations' Benefits Trust

on behalf of The University of Pittsburgh Medical Center, and was provided to Plaintiff through her employer, UPMC Health Systems, particularly Magee-Womens Hospital of UPMC.

9. The Plan provided for benefits to Plaintiff in the event Plaintiff became "disabled" in accordance with the terms of the Plan.

10. The Plan, and Plaintiff's claim thereunder, is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 as amended 29 U.S.C. §§ 1001-1461 ("ERISA").

11. On April 20, 2015, Plaintiff suffered a traumatic brain injury when she was struck in the back and/or side of the head by a baseball that had been pitched by a professional pitcher at a Pittsburgh Pirates game.

12. As a result of being struck in the back of the head by a baseball, Plaintiff sustained serious injuries requiring ongoing medical issues.  These injuries included, but were not limited to:

    a. Traumatic brain injury;

    b. Concussion;

    c. Post-concussion syndrome;

    d. Headaches;

    e. Cognitive impairment;

    f. Fatigue, drowsiness, and/or loss of energy;

    g. Dizziness and/or vertigo;

    h. Sensitivity to heat, light, and sound;

    i. Neck and/or cervical pain;

    j. Difficulty sleeping;

  k. Difficulty concentrating;

  l. Hearing loss and/or tinnitus;

  m. Post-traumatic stress disorder;

  n. Anxiety; and

  o. Depression

13. Following the April 20, 2015 incident, Plaintiff made good faith attempts to return to work, but was unable to perform due to the above-referenced medical conditions.

14. Plaintiff's employer issued accommodations to Plaintiff in September 2015 by providing her with a position that was far less complex and demanding than the position she had held prior to her head injury. Plaintiff attempted to return to work given these accommodations.

15. Plaintiff began receiving long term disability benefits under the Plan on or about December 4, 2015.

16. Notwithstanding a reduction in hours and in the complexity of her position, Plaintiff was unable to perform, which led to her ultimate termination by July 2016.

17. Defendant then terminated Plaintiff's long term disability benefits via a letter dated February 2, 2017, based on what is believed to be the result of an *abbreviated* independent medical evaluation ("IME") on January 13, 2017 with Eric Fishman, Ph.D., ABPP.

18. The February 2, 2017 letter terminated Plaintiff's benefits as of February 4, 2017. Plaintiff has received no benefits since that date.

19. The February 2, 2017 letter stated that Plaintiff attended an independent medical evaluation ("IME") on January 13, 2017 with Eric Fishman, Ph.D., ABPP.

20. The February 2, 2017 letter terminating Plaintiff's benefits was allegedly based upon Dr. Fishman's neuropsychological evaluation and an alleged review of "all information on

4

file," which included evidence of headaches; fatigue; dizziness and vertigo; hypersensitivity to heat, light and sound; cervical pain; sleep deprivation; post-traumatic stress disorder; hearing loss and tinnitus; anxiety; and depression.

21. Defendant has failed produce any evidence that the following medical issues are now resolved and are no longer disabling:

    a. Headaches;

    b. Fatigue;

    c. Dizziness and vertigo;

    d. Hypersensitivity to heat, light, and sound;

    e. Cervical pain;

    f. Sleep deprivation;

    g. Hearing loss and/or tinnitus;

    h. Post-traumatic stress disorder;

    i. Anxiety; and

    j. Depression.

22. While Plaintiff denies that she is fully recovered from her concussive symptoms, Dr. Fishman's conclusion are not dispositive of Plaintiff's entitlement to disability benefits as he fails to address all of the other medical issues which are identified in Defendant's file and which contribute to her disability.

23. While the February 2, 2017 letter indicated that Dr. Fishman concluded that these medical issues were not related to Plaintiff's brain injury, Defendant terminated Plaintiff's benefits without addressing whether those symptoms and conditions caused Plaintiff to be disabled under the "Subjective Symptom Conditions" terms of the Policy.

24. Dr. Fishman's findings are contrary to the extraordinary amount of medical documents that were provided to Defendant.

25. On or about February 16, 2017, Defendant received a letter from Plaintiff's primary care physician, Vicki March, M.D., challenging the validity of Dr. Fishman's IME conclusions.

26. Despite this evidence, on March 7, 2017, Defendant again wrote to Plaintiff, stating that its Medical Director concluded that Plaintiff's medical record and physician's reports did not provide any reliable or valid clinical evidence to support a conclusion of functional limitations due to a cognitive impairment or psychological/psychiatric status.

27. The denial of long term disability benefits was illegal and unreasonable.

28. Plaintiff appealed Defendant's decision to termination benefits on April 7, 2017.

29. On appeal, documents provided to Defendant in addition to Plaintiff's medical records included reports from (1) Vicki March, M.D., Ms. Camlin's primary care physician; (2) James Valeriano, M.D., Chairman of the Department of Neurology at Allegheny General Hospital and of the Allegheny Health Network; and (3) Sue Beers, Ph.D., head of the Traumatic Brain Injury Program at the Western Pennsylvania Psychiatric Institute & Clinic of UPMC.

30. Each of the reports provided to Defendant consistently and unequivocally concluded that Plaintiff was unable to return to work due to her medical conditions.

31. In a letter to Plaintiff's counsel dated June 14, 2017, Defendant's Disability Appeals Team again denied benefits to Plaintiff for long term disability.

32. All administrative appeals have been exhausted.

33.     Significant medical evidence has been presented to Defendant outlining the nature and extent of Plaintiff's disability. Notwithstanding this medical evidence, Defendant continued to erroneously, and without merit, deny Plaintiff long term disability benefits.

34.     Importantly, Defendant did not consider a plethora of ailments suffered by Plaintiff and recognized by Defendant's claims personnel, but instead concluded that Plaintiff was no longer entitled to benefits because its claims personnel perceived that Plaintiff no longer had evidence of a traumatic brain injury.

35.     While the April 20, 2015 incident was the catalyst for Plaintiff's inability to return to work, her contemporaneous and well-documented symptoms and medical conditions must be evaluated without regard to whether they are relatable to any particular incident. By failing to properly evaluate Plaintiff's conditions without regard for their cause, Defendant has illegally and improperly denied Plaintiff benefits.

## COUNT I
### Claim for Benefits - 29 U.S.C.A. § 1132

36.     Plaintiff incorporates paragraphs 1 through 33 as if fully set forth herein.

37.     Title 29 U.S.C.A. § 1132(a) provides that "[a] civil action may be brought (1) by a participant or beneficiary...(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...."

38.     Defendant has impermissibly denied Plaintiff benefits from the period of February 4, 2017 to the present.

39.     Defendant's decision to deny Plaintiff benefits despite substantial evidence in support of Plaintiff's disability was an abuse of discretion, arbitrary, capricious, wrongful, and contrary to the terms of the Plan and the law.

7

40. Additionally, Defendant's evaluation of Plaintiff's claim was impermissibly limited Defendant's own perception of medical conditions that could result from a singular traumatic event, rather than a comprehensive evaluation of Plaintiff's condition and her ability to return to work.

41. Defendant abused its discretion, including but not limited to, in the following ways:

   a. Ignoring the opinions of Plaintiffs' treating physicians;

   b. Ignoring substantial consistent evaluations from expert neuropsychologists;

   c. Failing to give proper weight to the consistent and repeated opinions that Plaintiff was unable to return to work;

   d. Failing to give due weight to Plaintiff's medical records; and

   e. Failing to have Plaintiff's claim reviewed in accordance with the express terms of the Plan, including but not limited to through giving deference to the initial decision when considering Plaintiff's appeal.

42. Upon information and belief, Defendant also violated the express terms of the Plan during the appeal process when Defendant allowed the same person(s) or their subordinates who made the initial claim decision to make the appeal decision.

43. Upon information and belief, Defendant violated the express terms of the Plan when Defendant failed to adequately identify the medical expert(s) it consulted with during the appeal process, and misrepresented the position(s) of the consultant(s) to Plaintiff.

44. As a direct and proximate result of Defendant's failure to provide Plaintiff with long term disability benefits under the Plan, Plaintiff has been deprived of said benefits from the period of February 4, 2017 to the present.

45. Plaintiff requests attorneys' fees under the authority of 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff, Wendy Camlin, prays for the following relief:

    a. Judgment in her favor and against Defendant for the amount of all benefits due and owing under the Plan since the date of termination, with interest as may be permitted by the Court;

    b. An order reinstating Plaintiff's long term disability benefits;

    c. An award for reasonable attorneys' fees and costs as provided for under 29 U.S.C. § 1132(g)(1); and

    d. Any other legal or equitable relief as the Court may deem just and appropriate.

## COUNT II
### Breach of Fiduciary Duty - 29 U.S.C.A. § 1104

46. Plaintiff incorporates paragraphs 1 through 43 as if fully set forth herein.

47. Defendant administered the plan and, as such, acted as a fiduciary to the participants and beneficiaries of the plan, including Plaintiff.

48. Plan administrators, as fiduciaries, must discharge their "duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1).

49. In arbitrarily and capriciously denying Plaintiff benefits and in ignoring medical evidence and expert evaluations, Defendant breached its fiduciary duty to Plaintiff.

WHEREFORE, Plaintiff, Wendy Camlin, prays for the following relief:

    a. Judgment in her favor and against Defendant for the amount of all benefits due and owing under the plan, with interest as may be permitted by the Court;

    b. An award for reasonable attorneys' fees and costs as provided for under 29 U.S.C. § 1132(g)(1); and

    c. Any other legal or equitable relief as the Court may deem just and appropriate.

## COUNT III
## Bad Faith - 42 Pa.C.S. § 8371

50. Plaintiff incorporates paragraphs 1 through 47 as if fully set forth herein

51. The conduct of Defendant constituted bad faith in the following ways, including but not limited to:

   a. Violating the express terms of the Plan during the appeal process when Defendant allowed the same person(s) or their subordinates who made the initial claim decision to make the appeal decision;

   b. Violating the express terms of the Plan when Defendant failed to adequately identify the medical expert(s) it consulted with during the appeal process, and misrepresented the position(s) of the consultant(s) to Plaintiff; and

   c. Failing to consider and/or address coverage under the Plan for "Limited Benefit Periods," for conditions including but not limited to (1) anxiety disorders, (2) depressive disorders, (3) mental illness, (4) somatoform disorders, and (5) subjective symptom conditions.

WHEREFORE, Plaintiff Wendy Camlin prays for the following relief:

   a. Judgment in her favor and against Defendant for the amount of all benefits due and owing under the plan, with interest as may be permitted by the Court;

   b. An award for reasonable attorneys' fees and costs as provided for under 29 U.S.C. § 1132(g)(1);

   c. Punitive damages; and

   Any other legal or equitable relief as the Court may deem just and appropriate.

Respectfully submitted,

By: /s/ Mark Gordon
Mark Gordon, Esquire
PA I.D. No. 25561
mg@pietragallo.com
Paul K. Vey, Esquire
PA I.D. No. 30824
pkv@pietragallo.com
Peter W. Nigra, Esquire
PA I.D. No. 319088
pwn@pietragallo.com

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

One Oxford Centre, 38th Floor
Pittsburgh PA  15219
Tel:     (412) 263-2000
Fax:    (412) 263-2001